# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

In re All Asbestos Cases

March 8, 2004

Case Nos. CL92-10000C-03 and CL92-10000W-01

BY JUDGE C. PETER TENCH

This matter comes before the Court on Defendants' Motion for Pretrial Orders and Opposition to Plaintiffs' Motion for Pretrial Orders, Plaintiffs' Response to Defendants' Motion for Pretrial Orders and Opposition to Plaintiffs' Motion for Pretrial Orders, and Defendants' Opposition to Plaintiffs' Position Regarding Reports of Non-Testifying Experts. The Court has considered the memoranda filed by counsel, the case law cited therein, and Rules 4:1 and 4:10 of the Rules of the Supreme Court of Virginia in consideration of these motions.

It is the defendants' position that the pathology and tissue samples exist as part of the plaintiffs' medical records and these are covered under Rule 4:1 which allows for the production of reports of non-testifying experts "only upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Rule 4:1(b)(4)(B) of the Rules of the Supreme Court of Virginia. The plaintiffs argue that the pathology slides are covered under Rule 4:10 and that plaintiffs would be entitled to the identity of any expert who examines the slides and the production of any reports which may be generated, regardless of whether or not the expert will be called to testify at trial.

I am of the opinion that the pathology materials are inanimate and tangible, and, as such, are subject to discovery under Rule 4:1 and that, absent a showing of exceptional circumstances, the Plaintiffs' counsel are not entitled to the identification of, or opinion of, any non-testifying expert with whom the defendants choose to consult on subject pathology. Therefore, the Court grants defendants' motion to exclude language requiring the production of reports of non-testifying experts from the Standing Pretrial Scheduling Order.